UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:22-CV-00025-GNS-HBB

BRYSON MANN                                                          PLAINTIFF

VS.

AUTO-OWNERS INSURANCE COMPANY                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Defendant Auto-Owners Insurance Company to compel (DN 49).  Plaintiff Bryson Mann has filed a response in opposition (DN 52), and Auto-Owners has not filed a reply.

This action calls into question whether Mann is entitled to coverage under Auto-Owners' insurance policy.  Mann contends that he was injured in a single-vehicle accident while riding as a passenger.  Mann also contends that the operator of the vehicle had insufficient insurance coverage limits to fully compensate him for his injuries.  At the time of the accident, Mann's parents were insured by Auto-Owners, but Mann was not a named insured under the policy.  Auto-Owners questions whether Mann was a member of his parents' household at the time of the accident so as to be entitled to claim coverage for underinsured motorist benefits.

Auto-Owners contends that, at the time of the accident, Mann may have been in the custody of the Cabinet for Health and Family Services (CHFS) and may have been placed outside his parents' home (DN 49, p. 2).  Auto-Owners seeks to explore this issue by issuing subpoenas to CHFS and RRJ Solutions, a group home where Auto-Owners believes Mann was residing around

the time of the accident (Id.).  Mann objected to the proposed subpoenas[1] on the ground that the information was privileged pursuant to KRS 610.340 (DN 38).

The portion of the statute to which both parties direct the Court's attention is subsection (1)(a) which provides:

> Unless a specific provision of KRS Chapters 600 to 645 specifies otherwise, all juvenile court records of any nature generated pursuant to KRS Chapters 600 to 645 by any agency or instrumentality, public or private, shall be deemed to be confidential and shall not be disclosed except to the child, parent, victims, or other persons authorized to attend a juvenile court hearing pursuant to KRS 610.070 unless ordered by the court for good cause.

KRS 610.340(1)(a).  Auto-Owners argues that it has "good cause" for disclosure of the records because, in making the claim for insurance benefits, Mann has placed his residence squarely in question (DN 49).  As such, Auto-Owners argues that he cannot avoid discovery on the issue by claiming privilege.

Mann opposes Auto-Owners' motion on two grounds.  First, he argues this Court lacks jurisdiction under the statute to order production of the information (DN 52, p. 2).  Mann focuses on the portion of the statute which provides that information shall not be disclosed "unless ordered by the court for good cause" (Id.) (citing KRS 610.340(1)(a)).  Mann contends that, by specifying the order must be ordered by "the" court, rather than "a" court, the statute vests the court conducting the juvenile proceedings with exclusive authority to order disclosure of related records.

---

[1] District courts in the Sixth Circuit have consistently held that a party ordinarily has no standing to challenge a subpoena to a non-party without first showing a claim of privilege or personal right exists in the information sought. *See* Polylok Inc. v. Bear Onsite, LLC, No. 3:12-CV-535-DJH-CHL, 2016 U.S. Dist. LEXIS 173289, at *3-4 (W.D. Ky. Dec. 15, 2016); Donahoo v. Ohio Dep't of Youth Servs., 211 F.R.D. 303, 306 (N.D. Ohio, 2002); Pogue v. Northwestern Mut. Life Ins. Co., No. 3:14-CV-598-CRS-CHL, 2016 U.S. Dist. LEXIS 71163, at *17-18 (W.D. Ky. June 1, 2016); United States v. Cordes, No. 15-CV-10040, 2016 U.S. Dist. LEXIS 37528, at *10 (E.D. Mich., Mar. 23, 2016); W. Leasing, Inc. v. W. Min. Dev., LLC, No. 4:18-CV-00038-BJB-HBB, 2022 U.S. Dist. LEXIS 162082, at *3 (W.D. Ky. Sept. 8, 2022).  Here, Mann has standing to challenge the subpoenas as he asserts a claim of privilege and personal right to confidentiality.

Second, Mann contends that Auto-Owners has not demonstrated it has exhausted all other means of obtaining the records before infringing on the Plaintiff's privilege (Id.). Mann also argues that Auto-Owners has not specified what records it seeks and the specific information in those records it believes are relevant (Id.). Finally, Mann contends that the evidence of record in the case already weighs heavily in his favor, and the records which Auto-Owners seeks will be insufficient to overcome that evidence.

Discussion

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. When a party seeks discovery from a non-party, it must demonstrate good cause to justify production. Perez v. Off Duty Police Servs., No. 3:13-CV-935-DJH-LLK, 2015 U.S. Dist. LEXIS 58015, at *3 (W.D. Ky. May 4, 2015).

Here, a central question in the case is whether Mann is entitled to underinsured motorist benefits under his parents' policy. Auto-Owners has raised a policy defense that Mann may not have been a resident of his parents' household at the time of the accident. Mann's residence, therefore, relates both to his claim and Auto-Owners' defense. As to Mann's argument that Auto-Owners has failed to demonstrate that it exhausted all other means of obtaining the information, he cites no authority in support of the contention that Auto-Owners has any such obligation under the present circumstances to explain what other means are available for obtaining

3

the records in question.  While Mann represents that the weight of evidence supports his contention that he was a resident of his parents' household, this does not preclude Auto-Owners from conducting discovery to ascertain the veracity of that evidence or develop rebuttal evidence.  The undersigned concludes that Auto-Owners has demonstrated good cause for seeking the information.

The next question is whether this Court has the authority to order the production of information otherwise privileged by operation of state statute.  Mann reads KRS 610.340(1)(a) as limiting the power to order disclosure of the information to the court adjudicating the juvenile proceedings.  Neither party has cited any cases interpreting this statutory provision, and the undersigned has likewise identified no direct authority.  One opinion from this Court lends support to Mann's position.  In United States v. Ford, No. 3:21-CR-00054-DJH-1, 2022 U.S. Dist. LEXIS 33397, at *2-3 (W.D. Ky. Feb. 25, 2022), the Court addressed a defendant's motion in a criminal proceeding to seal juvenile court records filed in support of reopening a detention hearing.  In support of sealing the records, the defendant cited KRS 610.340(1)(a).  The Court noted the defendant "then filed a supplement to his motion to seal in which he cites Kentucky's Uniform Juvenile Code, which deems juvenile records confidential and limits their disclosure without authorization from the juvenile court on a showing of good cause."  Ford at *2-3.  However, that characterization does not square with how Kentucky state courts have treated the statute.  In Herald v. Commonwealth, Nos. 1998-SC-1025-MR, 2002-SC-0045-MR, 2003 Ky. Unpub. LEXIS 43, at *7 (Ky. June 12, 2003), a trial judge ordered the release of a defendant's prior juvenile and mental health records for purposes of evaluating the defendant's competency.  The Kentucky Supreme Court noted "[w]e find no error in the decision of the trial judge to release the juvenile and mental health records.  See KRS 610.340 which allows a trial judge to release confidential juvenile court

4

records for 'good cause.'" Id. at *7-8.  In Howard v. Commonwealth, 595 S.W.3d 462, 467-69

(Ky. 2020), the Court discussed whether a trial judge should have conducted an *in camera* review

of juvenile records to determine whether they contained exculpatory evidence.  That the trial judge

had the authority to order the release of the information is implicit in the opinion.  Subsection (10)

of KRS 610.340 bolsters the interpretation that "the" Court which may order disclosure of records

is not confined to the Court adjudicating the juvenile matter:

> (10) No person, including school personnel, not authorized to obtain records
> pursuant to KRS Chapters 600 to 645 shall obtain or attempt to obtain records
> which are made confidential pursuant to KRS Chapters 600 to 645 except upon
> proper motion to a court of competent jurisdiction.

KRS 610.340(10).  This section provides that a motion for release of the information may be made

to "a court of competent jurisdiction," and it therefore follows that such court could order the

release of the information.  "Competent jurisdiction" is defined as "the power and authority of law,

at the time of acting, to do the particular act." *Competent Jurisdiction*, Ballentine's Law Dictionary

(3d ed.).  This Court is "a court of competent jurisdiction" to adjudicate Mann's claim and order

discovery in accordance with the Federal Rules of Civil Procedure.  As such, this Court may order

the disclosure of juvenile records under the statute.

Auto-Owners does not oppose imposition of a protective order restricting access to any

records produced in compliance with the subpoena.  District Courts have broad discretion in

managing discovery by those who litigate before it.  *See* Green v. Platinum Restaurants Mid-

America, LLC, No. 3:14-CV-439-RGJ, 2018 U.S. Dist. LEXIS 246998, at *36-37 (W.D. Ky. July

12, 2018).  In keeping with the interest in confidentiality of juvenile records as evidenced by KRS

610.340, it is appropriate that any records produced in response to Auto-Owners' subpoenas be

treated as confidential by the parties and not made available for review by others.  To the extent a

party may need to offer the records in support of a motion in the case, the undersigned concludes

that good cause for sealing has been demonstrated under LR 5.6.

      **WHEREFORE**, the motion of Defendant Auto-Owners Insurance Company to compel,

DN 49, is **SUSTAINED**.  The Court will issue a separate Order directing compliance with the

subpoenas.

March 26, 2024

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies to:    Counsel of Record

6